RICHARD S. WALSH and Another, as Executors, etc., of ANN ELIZA WALSH, Deceased, Plaintiffs, _v._ FIDELITY AND DEPOSIT COMPANY OF MARYLAND and Others, as Executors, etc., of JOHN McQUIRK, Deceased, Defendants.

Supreme Court, New York County, January 9, 1928.

**Wills — construction — property was devised in trust with remainder over to membership corporation — membership corporation is entitled to remainder though name was changed after death of testatrix.**

The testatrix devised money in trust with remainder over to a membership corporation. After the death of the testatrix the name of the membership corporation was legally changed. The change in the name of the corporation did not create a new corporation, and it is entitled to the remainder devised, since there was no condition in the devise which limited the payment of the remainder to the corporation only under the name by which it was known to the testatrix.

ACTION on a bond given for the payment of a legacy.

_Garfield & Seligson_ [_G. B. Garfield_ of counsel],' for the plaintiffs.

_T. E. White_ and _R. Dudesing, Jr.,_ for the defendants.

PETERS, J. Ann Eliza Walsh died in June, 1914. During her lifetime there had been organized a membership corporation under the name of " Henry McCaddin, Jr. Fund for the Education of Candidates for the Roman Catholic Priesthood in the Poorer Dioceses of the United States and elsewhere," hereinafter called the " McCaddin Fund." Henry McCaddin, Jr., was a deceased brother of Ann Eliza Walsh. One of the bequests in her will reads as follows: " To the Rev. John McQuirk of 127 East 117th Street, New York, I give and bequeath the sum of $10,000 to have and to hold for the term of his natural life, and upon his decease I give and bequeath said sum of $10,000 to Henry McCaddin, Jr. Fund for the Education of Candidates for the Roman Catholic Priesthood in the Poorer Dioceses of the United States of America and elsewhere."

John McQuirk demanded of the executors of the Walsh estate

the sum of $10,000, which demand was refused, and thereafter an order was entered in the Surrogate's Court, Kings county, providing for the payment of the sum of $10,000, less transfer taxes, to McQuirk on condition that he file a bond insuring the payment of the money, upon his death, to the "McCaddin Fund." This order was complied with. Thereafter the corporate name of the "McCaddin Fund" was changed to "The McCaddin-McGuirk Foundation for Sacerdotal Education," hereinafter called the "McCaddin-McGuirk Foundation." In November, 1924, the Rev. John McGuirk died, and thereafter the defendant surety company paid over to the "McCaddin-McGuirk Foundation," Liberty bonds of the par value of $9,850, which were accepted in full payment of the legacy.

It is conceded that the name of the corporation was legally changed. No change was made in its corporate powers. The change of name did not create a new corporation. The plaintiffs contend, however, that because of the change of name, the defendant surety company had no right to pay over to the "McCaddin-McGuirk Foundation" the money bequeathed to the "McCaddin Fund." It has been held that where a corporation reincorporated in order to carry on the work of a former corporation, such reincorporation did not affect the identity of the corporation. (*First Society of the Methodist Episcopal Church* v. *Brownell*, 5 Hun, 464.) In that case the court said (p. 468): "We have found nothing in the record to support the monstrous doctrine that the religious society before us has lost the title to its property by a change of its corporate name." It has also been held that the surrender of its State charter by a bank in order to incorporate under the National Banking Act did not affect the rights or liabilities of the institution and that the National banking corporation was the same corporation as the former State bank. (*City National Bank* v. *Phelps*, 97 N. Y. 44.) In 14 Corpus Juris (§ 386, pp. 321, 322) it is stated: "With reference to the effect of changing the corporate name, whether by a special act or under a general law, it may be said that it has no effect whatever, in theory of law, upon the identity of the corporation, or upon its property, rights, or liabilities    *    *    *.

"The change does not affect the title of the corporation to property or choses in action, nor require any conveyance or assignment to the corporation in the new name."

It was, therefore, the duty of the executors or the defendant surety company to pay over the money to the "McCaddin-McGuirk Foundation" and this has been done.

The plaintiffs further contend that the change of name was a

violation of the conditions of the will, claiming it to be the intention of the testatrix, in giving the money to the " McCaddin Fund " to perpetuate her brother's name. With this contention I am also unable to agree. The gift was unconditional. If it had been her intention to give it only on the condition that the name remain the same, it would have been a simple matter for her to have inserted words to express the condition. That the testatrix understood how to attach a condition to a bequest is seen in paragraph 3 of the will, wherein she gave to St. John's College the sum of $10,000 " *as a memorial to myself.*"

The plaintiff relies on the case of *Allegheny College* v. *Nat. Chautauqua County Bank* (246 N. Y. 369) as authority for the proposition that the bequest herein was conditional. The decision in that case has no application to the case at bar. Mary Yates Johnston in a written pledge subscribed $5,000 to Allegheny College, payable by her executor thirty days after her death. To the pledge she attached the following *condition:* " In loving memory this gift shall be known as the Mary Yates Johnston Memorial Fund, the proceeds from which shall be used to educate students preparing for the Ministry  \*  \*  \*." She paid $1,000 of this amount to Allegheny College before her death and then repudiated the pledge. Thirty days after her death the action was brought against the executor of the will to recover the unpaid balance. The only question before the court was whether there was a *contract* between plaintiff and testatrix which would support the action for the unpaid portion of the pledge. The court through Chief Judge CARDOZO said: " The moment that the college accepted $1,000 as a payment on account, there was an assumption of a duty to do whatever acts were customary or reasonably necessary to maintain the memorial fairly and justly in the spirit of its creation.  \*  \*  \* We think the duty assumed by the plaintiff to perpetuate the name of the founder of the memorial is sufficient in itself to give validity to the subscription within the rules that define consideration for a promise of that order. When the promisee subjected itself to such a duty at the implied request of the promisor, the result was the creation of a bilateral agreement."

In the case at bar there is no question of contract whatsoever. We have an absolute gift without any condition attached to it. For the foregoing reasons verdict is directed in favor of the defendants dismissing the complaint on the merits with an exception to the plaintiff.